# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-309V
Filed: November 15, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| SHEILA FOSTER *on behalf of* A.F., *a minor child*, | * * * | |
| Petitioner, | * * | Special Master Gowen |
| v. | * * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Franklin J. Caldwell, Jr., Maglio, Christopher & Toale, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 16, 2014, Sheila Foster ("petitioner") filed a petition on behalf of her minor child, A.F., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on or about August 23, 2011, A.F. developed Guillain-Barré Syndrome ("GBS"). Petition at ¶¶ 2, 7, 9. On December 11, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued December 14, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 19, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $41,265.00 in attorneys' fees and $6,725.53 in attorneys' costs, for a total fees and costs request of $47,990.53.  Petitioner's ("Pet.") Motion ("Mot.") at ¶ 3-4, 9.  In accordance with General Order #9, petitioner states that she did not incur any personal costs in this case.  Id. at ¶ 6; Pet. Ex. 35.  Respondent filed a response to petitioner's application on October 6, 2016, stating:

> Based on a survey of fee awards in similar flu vaccine/Guillain Barré syndrome cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $21,000.00, in addition to reasonable fees and costs incurred to procure guardianship.
>
> Respondent therefore respectfully recommends that the Special Master exercise his discretion and determine the reasonable award for attorneys' fees and costs in this case.

Respondent's (Resp.) Response at 3 (internal footnotes omitted).  Petitioner filed a reply in support of her application on October 17, 2016.  This matter is now ripe for adjudication.

## I. Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of

Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

**II.       Reasonable Attorneys' Fees and Costs**

   **a. Hourly Rates**

Petitioner requests the following hourly rates:

Attorney Franklin Caldwell:
    $300 per hour for 2012-2015
    $356 per hour for 2016

Attorney DAS (Danielle Strait):
    $306 per hour for 2016

Attorney DLS (Diana Sedar):
    $300 per hour for 2011-2012

Law clerk JAO:
    $145 per hour for 2016

"Registered"/"certified" paralegals (CC, EKM, SJK, TMS):
    $135 per hour for 2011-2015

Paralegals (AV, AZA, KAG, SJB):
    $105 per hour for 2011
    $135 per hour for 2012-2014
    $145 per hour for 2015-2016

See generally, Pet. Ex. 33.

The issue of appropriate hourly rates for Mr. Caldwell was recently decided by another special master in Dezern v. Sec'y of Health & Human Servs., No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). In Dezern, the special master found that MCT should receive forum rates for its Sarasota-based counsel. Id. at *4. Mr. Caldwell was awarded $356 per hour for work performed in 2016 and $300 per hour for work performed prior to that. Id. at *6. The undersigned agrees with the analysis in Dezern, and finds Mr. Caldwell's requested rates reasonable.

Paralegals in both Sarasota, Florida, and Washington, D.C, performed work on this case. See Pet. Memorandum ("Mem.") of Law at 8-9. The rates of $105 and $135 per hour requested

for the Sarasota paralegals in this matter are consistent with rates awarded in other recent cases.[3] Rates for paralegals in MCT's Sarasota office for 2011-2013 were addressed in O'Neill v. Sec'y of Health & Human Servs., No. 08–243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Certified/registered paralegals were awarded $135 per hour for work performed in 2011-2013, and non-certified paralegals were awarded $105 per hour.  Id. at *14 n.24, *15.

Petitioners request a rate of $145 per hour for Washington, D.C., paralegals for work performed in 2015-2016.  The issue of reasonable 2014–2015 forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  In McCulloch, a reasonable rate for work performed by paralegals in 2014–2015 was found to be $135 per hour.  Id. at *21.  Following McCulloch, the undersigned recently awarded a rate of $135 per hour to MCT's Washington, D.C., paralegals for work performed in 2015, and $140 per hour for work performed in 2016. See Ferguson v. Sec'y of Health & Human Servs., No. 14-975V, 2016 WL 4140949, at *3 (Fed. Cl. Spec. Mstr. July 11, 2016).  In this case, petitioners have submitted affidavits from two paralegals, Danielle Caimona and Kristine Heefner, to support their requested 2015-2016 Washington paralegal rate.  See Pet. Ex. 39.  Ms. Caimona is a paralegal at Brown, Goldstein and Levy, LLP, in Baltimore County, Maryland, and states that her billing rate is $175 per hour. Id. at 1.  Ms. Heefner is a paralegal at Odin, Feldman & Pittleman, PC, in Reston, Virginia, and likewise states that her billing rate is $175 per hour.  Id. at 2.  Forum rates for 2014 and 2015 were arrived at after careful consideration of extensive rate evidence submitted in McCulloch, and the undersigned declines to depart from the rates established in McCulloch for the Washington, D.C., paralegals in this case.  As in Ferguson, the undersigned finds the McCulloch rate of $135 per hour reasonable for work performed by the Washington, D.C., paralegals in this case during 2015.  For work performed in 2016, the undersigned finds a rate of $140 per hour reasonable.  The Washington, D.C., paralegals billed 2 hours in 2015 and 11.10 hours in 2016. Accordingly, attorneys' fees will be reduced by $75.50.

Two attorneys in addition to Mr. Caldwell performed work on this case: Diana L. Stadelnikas Sedar and Danielle A. Strait.[4]  See generally, Pet. Ex. 33.  Ms. Sedar is based out of the Sarasota office, and the rate requested for Ms. Sedar is consistent with O'Neill, in which MCT attorneys with at least 17 years of experience were awarded $300 per hour.  Id. at *5.  Ms. Sedar has over 20 years of experience.  See Pet. Ex. 37 at 1.  Ms. Strait's requested rate of $306 per hour for work performed in 2016 is also consistent with the rate awarded her in recent cases. See, e.g., Buska v. Sec'y of Health & Human Servs., No. 13-795, 2016 WL 5899264 (Fed. Cl. Spec. Mstr. Sept. 12, 2016) (awarding Ms. Strait $306 per hour for work performed in 2016).

---

[3] The previously awarded rates for the Sarasota paralegals were based on local rates.

[4] Ms. Strait is represented as "DAS" in the billing record.  Ms. Sedar is represented as "DLS."

Finally, the requested rate of $145 per hour for work performed by a law clerk in 2016, is consistent with McCulloch, and is reasonable.  See McCulloch, 2015 WL 5634323, at *21 (awarding law clerks $145 per hour).

**b. Hours Expended**

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable, with the exception of time billed at full rate for travel on January 28, 2015. Petitioners' counsel states that "counsel does not bill 'down time' while traveling that could be used for work.  If the physical act of traveling prevents counsel from performing work tasks . . . that time is billed.  If counsel is on board an aircraft during routine flight and can work, that travel time is NOT billed as such."  Pet. Mem. at 8.  However, it is well established that travel time is compensated at 50 percent of counsel's hourly rate unless sufficient documentation exists indicating that work was performed while traveling.  See Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 791 (2010); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007); Scoutto v. Sec'y of Health & Human Servs., No. 90-3576V, 1997 WL 588954 (Fed. Cl. Spec. Mstr. Sept. 5, 1997).  Thus, despite counsel's billing practices, time during which counsel was prevented from performing work tasks is *not* generally compensated in the Program at the full hourly rate.  On January 28, 2015, Mr. Caldwell billed 3.1 hours for time that was not usable for work for travel to Shepardsville, Kentucky, for a client visit.  Pet. Ex. 33 at 17.  This time will be compensated at 50 percent of Mr. Caldwell's 2015 hourly rate.  Accordingly, Mr. Caldwell's attorneys' fees will be reduced by $465.00.

Respondent states that "[b]ased on a survey of fee awards in similar flu vaccine/Guillain Barré syndrome cases and her experience litigating Vaccine Act claims . . . a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $21,000.00, in addition to reasonable fees and costs incurred to procure guardianship."[5]  Resp. Response at 3.  In support of this range, respondent cites a number of "similarly-postured" GBS cases.  Id. at 3.  The undersigned is impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases.  The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable.  Petitioner has submitted an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services.  See generally, Pet. Ex. 33.  In addition, the undersigned notes that much of the work on this case was performed by paralegals at paralegal rates.  Id.

---

[5] In this case, it appears that the fees and costs incurred to procure the guardianship totaled $485.00.  Pet. Ex. 34 at 3.

     **c. Costs**

The requested costs, which consist primarily of costs for medical records, the court filing fee, the cost of an expert report, costs related to Mr. Caldwell's client visit, and attorneys' fees for the appointment of a guardian, are also reasonable. See generally, Pet. Ex. 34.

**III.   Conclusion**

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of **$47,450.03** reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

    **(1) A lump sum of $47,450.03 in the form of a check payable jointly to petitioner and petitioner's counsel, Franklin J. Caldwell, of Maglio Christopher & Toale, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[6]

    **IT IS SO ORDERED.**

                                                           **s/Thomas L. Gowen**
                                                           Thomas L. Gowen
                                                            Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.